# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXSONY COISSY,<br><br>             Plaintiffs,<br><br>       v.<br><br>DOER, *et al.*,<br><br>             Defendants. | Case No. 1:24-cv-01556-KES-BAM (PC)<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME WITHOUT PREJUDICE<br>(ECF No. 10)<br><br>ORDER DENYING MOTION TO CREATE A CLASS ACTION WITHOUT PREJUDICE<br>(ECF No. 11) |

Plaintiff Maxsony Coissy ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).

On March 3, 2025, Plaintiff filed a motion for extension of time and a motion to create a class action.[1] (ECF Nos. 10, 11.) Plaintiff requests an extension of 90 days to respond to anything in this case, because the mail room at his current institution is backed up, resulting in a 30 to 60-day delay before Plaintiff receives the mail. (ECF No. 10.) Plaintiff also requests the creation of a class action under Federal Rule of Civil Procedure 23. Plaintiff states that there are at least 27 plaintiffs that filed substantially the same claims in this Court, and the class extends to

---

[1] Plaintiff also filed a "Response to Order to Show Cause" related to the exhaustion of administrative remedies. (ECF No. 9.) As no order to show cause regarding Plaintiff's exhaustion of administrative remedies has yet been issued in this action, the filing is not addressed in the instant order.

1

1   approximately one thousand people.  Plaintiff alleges, in part, that during a 2-month time period
2   Defendants denied Plaintiff's constitutional rights by cutting off all communication to the world
3   and current events, denying medical care and sanitation supplies, and confiscating personal
4   property and legal materials without due process.  (ECF No. 11.)

5   Plaintiff's request for a standing order granting him a 90-day extension of all deadlines in
6   this action is denied, without prejudice.  At this time, there are no pending deadlines in this action
7   for which Plaintiff would require an extension, and the Court declines to issue an order extending
8   any and all future deadlines in this case.  Although Plaintiff references a BOP memo written by
9   Defendant Datray in support of his assertion that the USP Atwater mail room results in a 30 to
10  60-day in all mail received, no such memo is attached to Plaintiff's motion.  Therefore, Plaintiff
11  has not presented good cause for such a broad request.  If Plaintiff is unable to comply with any
12  particular deadline in the future, this order does not prevent Plaintiff from seeking an appropriate
13  extension of that deadline, supported by good cause for such request.

14  Plaintiff's request to certify this case as a class action is also denied.  Federal Rule of Civil
15  Procedure 23(a) provides that a class action may only be brought if (1) the class is so numerous
16  that joinder of all members is impracticable, (2) there are questions of law or fact common to the
17  class; (3) the claims or defenses of the representative parties are typical of the claims or defenses
18  of the class, and (4) the representative parties will fairly and adequately protect the interests of the
19  class.  Plaintiff has not presented sufficient argument that his case meets these requirements.

20  In addition, Plaintiff is not an attorney and is proceeding without counsel.  It is well-
21  established that a layperson cannot ordinarily represent the interests of a class.  *See Smith v.*
22  *Schwarzenegger*, 393 Fed. Appx. 518, 519 (9th Cir. 2010) (citing *McShane v. United States*, 366
23  F.2d 286, 288 (9th Cir. 1966)).  A non-attorney proceeding *pro se* may bring his own claims to
24  court, but may not represent others.  *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir.
25  1997); *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (non-attorney has
26  a right to appear pro se on his/her own behalf, but "has no authority to appear as an attorney for
27  others").  Therefore, it is inappropriate for this suit to proceed as a class action, and the request is
28  denied, without prejudice.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for extension of time, (ECF No. 10), is DENIED, without prejudice;
2. Plaintiff's motion to create a class action, (ECF No. 11), is DENIED, without prejudice; and
3. Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated: __**March 5, 2025**__  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE